IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 2:19-00082

CHRISTOPHER TYLER

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant's "Emergency Request for Compassionate Release".  (ECF No. 48.)  Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), defendant requests compassionate release because he is "immunocompromised from Chronic Hepatitis C infection." Id.  He also maintains that compassionate release is merited because his single mother "is having extreme difficulty caring for [his] sister, who recently was diagnosed with paranoid schizophrenia." Id.  The government opposes defendant's release. See ECF No. 57.

I.

On April 3, 2019, Tyler pled guilty to one count of distribution of a mixture containing a quantity of fentanyl and a quantity of acetyl fentanyl, in violation of 21 U.S.C. § 841(a)(1).  On August 6, 2019, Tyler was sentenced to a term of imprisonment of 135 months to be followed by a term of supervised release of three years.  He is currently housed at Ashland FCI and, according to the Bureau of Prisons' website, his current projected release date is August 11, 2028.  On March 16, 2021,

Tyler was offered the COVID-19 Pfizer vaccine and refused it. <u>See</u> ECF No. 57-3.

II.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment previously imposed if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is with applicable policy statements issued by the Sentencing Commission[.]" <u>See also</u> <u>United States v. McCoy</u>, 981 F.3d 271, 280 (4th Cir. 2020).

The First Step Act empowers criminal defendants to ask courts to grant them compassionate release pursuant to 18 U.S.C § 3582(c). But before they make such requests to the court, defendants must first ask BOP via the administrative process and give BOP thirty days to respond. <u>See id.</u> § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after either BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment." <u>Id.</u> § F.3d 3582(c)(1)(A)(i). Here, defendant has exhausted his remedies and the court may consider his motion on the merits.

To warrant compassionate release, defendant must show that: (1) extraordinary and compelling reasons warrant a sentence reduction; and (2) the reduction satisfies the sentencing factors

2

in 18 U.S.C. § 3553(a).  It is worth emphasizing that compassionate release is "an extraordinary and rare event." United States v. Mangarella, 3:06-cr-151-FDW-DCK-3, 2020 WL 1291835, *2-3 (W.D.N.C. Mar. 16, 2020).  "Simply put, the coronavirus is not tantamount to a 'get out of jail free' card." United States v. Williams, PWG13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020)

### A.   Extraordinary and Compelling Reasons

The United States Court of Appeals for the Fourth Circuit has recognized that "arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19." United States v. High, 997 F.3d 181, 185 (4th Cir. 2021).  Courts, in considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility.  See United States v. Brady, S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May

15, 2020) (citing and gathering cases).  Thus, compassionate release motions amid the COVID-19 pandemic require a "fact-intensive" inquiry.  See United States v. Shakur, No. 82 CR 312 (CSH), 2020 WL 1911224, at *1 (S.D.N.Y. Apr. 20, 2020).

According to the Centers for Disease Control and Prevention ("CDC"), as of February 8, 2021, "[o]lder adults and people of any age who have serious underlying medical conditions, including people with liver disease, might be at higher risk for severe illness from COVID-19.  People with chronic liver disease, including hepatitis B and hepatitis C, may have concerns and questions related to their risk."  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last visited February 2, 2022; archived) (emphasis added).  Tyler is twenty-nine years old.  The court cannot conclude that because he has Hepatitis C, a condition the CDC has indicated might carry an increased risk of serious illness from COVID-19, he has shown extraordinary or compelling reasons justifying his release.  See, e.g., United States v. Evans, Crim. No. CCB-18-234, 2021 WL 3725421, at *1 (D. Md. Aug. 23, 2021) ("Absent evidence of other underlying conditions that make Evans particularly vulnerable to COVID-19, the court does

not believe Evans's prediabetes alone is grounds for compassionate release.").

In addition, Tyler's decision to refuse the COVID-19 vaccine does not help his argument that he should be granted compassionate release.  A growing number of district courts have concluded "that a prisoner's refusal to obtain a COVID-19 vaccine significantly undermines the claim that his susceptibility to the effects of COVID-19 constitutes grounds for compassionate release."  United States v. Griffin, Criminal No.: ELH-12-003, 2021 WL 6064856, at *13 (D. Md. Dec. 22, 2021) (additional authorities cited therein).

> Courts now widely recognize that a refusal to take preventative measures to protect oneself from COVID-19 undermines any assertion that the risk of viral infection constitutes an extraordinary and compelling reason justifying release. . . .  Any decision to the contrary would create a perverse incentive in favor of declining the vaccine, undermining the BOP's efforts to protect its incarcerated population and to allow prison operations to return to some degree of normalcy in the coming months.

United States v. Ayres, SAG-04-004, 2021 WL 2352322, at *2 (D. Md. June 9, 2021); see also United States v. Byrd, DOCKET NO. 3:11-cr-00364-FDW, 2021 WL 5043996, at *1 (W.D.N.C. Oct. 29, 2021) ("Remarkably, despite his professed fears relating to contracting COVID-19 while incarcerated, Defendant refused the Pfizer COVID-19 vaccine offered by the Bureau of Prisons on

January 21, 2021. . . .   In so doing, Defendant declined the
opportunity to reduce his risk of exposure to COVID-19
dramatically.  He cannot reasonably expect that prolonging his
risk of COVID-19 exposure by declining vaccination will be
rewarded with a sentence reduction.").

Furthermore, the conditions at Ashland FCI, where Tyler is
housed, are not so dire as to justify his release.  The Bureau of
Prisons ("BOP") has been operating under a modified operations
plan to manage the risk of COVID-19 transmission within Ashland
FCI.  In addition, the BOP has been administering COVID-19
vaccines, the rate of vaccinations across the prison populations
is increasing, and booster shots have been made available to
inmates.  See BOP, COVID-19 Coronavirus,
https://www.bop.gov/coronavirus/index.jsp (last visited Feb. 3,
2022).  As of February 3, 2022, Ashland FCI reports having 42
active cases among inmates and six active cases among staff.  Id.
Given the 14-day average positivity rate in West Virginia of over
10 percent, https://www.mayoclinic.org/coronavirus-covid-19/map
//west-virginia (last visited Feb. 3, 2022), the numbers at
Ashland FCI are not extraordinary or compelling.

Nor can the court find that defendant's family circumstances
"rise to the level of an extraordinary and compelling reason for

release." Evans, 2021 WL 3725421, at *2.  While a district court
is permitted "to consider any extraordinary and compelling reason
for release that a defendant might raise[,]" McCoy, 981 F.3d at
284, the court does not find that Tyler's desire to help his
mother care for his sister is extraordinary or compelling.  While
not binding on the court, the United States Sentencing
Commission's policy statement defining extraordinary and
compelling reasons "remains helpful guidance[.]"  Id. at 282 n.7.
According to the Sentencing Commission, family circumstances
might present an extraordinary and compelling reason for release
where "the caregiver of the defendant's minor child dies or
becomes incapacitated, or the defendant's spouse or partner
becomes incapacitated and the defendant is the only available
caregiver[.]"  U.S.S.G. § 1B1.13 cmt. n.1(C).  The court does not
find that defendant's purported need to help his mother care for
his sister is an extraordinary or compelling reason justifying
his release because his sister is not his minor child nor is
defendant the only available caregiver.  See Evans, 2021 WL
3725421, at *2 ("Evans seeks to care for his grandmother rather
than minor child, and even if the court were to conclude that the
need to care for a family member who is not a minor child rose to
the level of an extraordinary and compelling reason for release,

Evans has not attempted to show that there are no other available caregivers nor has he provided any documentation of the seriousness of his grandmother's condition.").

### B.   Section 3553(a) Sentencing Factors

Even if the court were to conclude that defendant has presented an extraordinary and compelling reasons for release (and he has not), the factors set forth in 18 U.S.C. § 3553(a) compel the denial of defendant's motion.  These factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).

Applying these factors to defendant, the court finds that granting defendant's motion for compassionate release would be inconsistent with the sentencing factors set forth in § 3553(a). Based on the seriousness of defendant's crime, and the need to promote respect for the law, to provide just punishment for the offense, to adequately deter criminal conduct, and to avoid unwanted sentencing disparities, the court sentenced defendant to 135 months of incarceration.  The court did so after granting the government's motion for an upward departure, pursuant to U.S.S.G. § 5K2.1, because the drugs distributed by defendant resulted in the death of another person.

Given these particular circumstances, the court finds it significant that defendant has served less than half of his sentence.  In so doing, the court acknowledges that the amount of time remaining on the original sentence is but one factor that it should and has considered.  See United States v. Kibble, 992 F.3d 326, 331 (4th Cir. 2021) (noting that the court was entitled to consider amount of time defendant served as one factor in the § 3553(a) analysis).  The court finds that the sentence reduction defendant requests would be entirely inconsistent with the sentencing factors set forth in § 3553(a).

A number of district courts have likewise declined to grant compassionate release motions where a defendant has served a small fraction of his or her sentence of incarceration.  See United States v. Lonich, Case No. 14-cr-00139-SI-1, 2020 WL 2614874, at *3 (N.D. Cal. May 21, 2020) (denying motion despite COVID-19 outbreaks in the facility and defendant being 65 years old and having medical conditions that make him particularly vulnerable, because "the Court finds it significant that defendant[] ha[s] served far less than half of [his] sentence[]"); United States v. Pawlowski, CRIMINAL ACTION No. 17-390-1, 2020 WL 2526523, at *7 (E.D. Pa. May 18, 2020) (denying motion for compassionate release where defendant had "served only a small fraction of his sentence to date").

A sentence of 135 months imprisonment was necessary to achieve the goals of sentencing and a reduction of the magnitude that defendant seeks would run counter to those objectives.

III.

Having considered the entire record in this matter, including the parties' filings related to the instant motion, the court concludes that Tyler has not presented extraordinary and compelling reasons that would justify his release.  Furthermore, even if such extraordinary and compelling circumstances were

10

present, a sentence reduction would not serve the sentencing objectives of 18 U.S.C. § 3553(a).  Therefore, the court **DENIES** Tyler's motion for compassionate release.

The Clerk is directed to send a copy of this Order to counsel of record, any unrepresented parties, and the Probation Office of this court.

It is SO ORDERED this 4th day of February, 2022.

ENTER:

David A. Faber
Senior United States District Judge

11