```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                  CRIMINAL NO. 2:19-00082-01

**CHRISTOPHER TYLER**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is defendant's motion for a reduced sentence.  <u>See</u> ECF No. 68.  Pursuant to a Standing Order entered on October 31, 2023, the court has instituted a review of the sentence imposed in this matter.  On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective.  Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points.  Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.  Recognizing that the courts, probation officers, and the Bureau of Prisons would need

time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

Pursuant to the Standing Order, the court, in consultation with the United States Probation Office, has designated this defendant for **STANDARD** consideration.  The Federal Public Defender is **DIRECTED** to undertake representation of defendant in this matter or seek the appointment of counsel.  Defendant's motion for appointment of counsel, see ECF No. 66, is **GRANTED.**

The court further **DIRECTS** that, within ten days of entry of this Order, the United States and defendant should file a written memorandum addressing all relevant issues, including eligibility, whether defendant should receive a reduction, and, if so, the extent of any reduction.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, counsel of record, the United

States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED** this 26th day of December, 2024.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge